# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Michael Ann Thornsberry,

    Plaintiff,

    v.                                  Case No. 1:08cv267

Duke Energy,                          Judge Michael R. Barrett

    Defendant.

## OPINION & ORDER

This matter is before the Court upon Defendants Duke Energy and Spectra Energy Operating Company's Motion for Summary Judgment. (Doc. 20)[1] Plaintiff Michael Ann Thornsberry filed a Response in Opposition (Doc. 24), and Defendants filed a Reply (Doc. 25).

## I.    BACKGROUND

Plaintiff was born June 25, 1951. Plaintiff began working for Defendants as a pipeliner in 1986. (Doc. 20-2, James Pruett Aff. ¶ 2.) On January 15, 2002, Plaintiff stopped working due to a medical condition. (Id, ¶ 8.) Plaintiff began receiving long-term disability payments through Defendants' group disability insurance carrier, Aetna Life Insurance Company. (Doc. 20-1, at 4.) However, Aetna denied payment of benefits after October 14, 2002. (Id.) Aetna found that Plaintiff was not disabled based upon the results of a independent medical examination ("IME") conducted by Dr. Welsh. Dr. Welsh concluded that based on his examination and the medical records he reviewed, Plaintiff

---

[1]Spectra Energy Operating Company is the successor-in-interest to Duke Energy Operating Company. The parties use the names of the companies interchangeably, and therefore the Court will refer to them collectively as Defendants in this Order.

could perform all the functions in her job description on a full-time basis. (Id. at 7.) Aetna also relied on videotape surveillance showing Plaintiff carrying her young child, pushing her child on a swing, and loading bags of groceries in her car. (Id.) After unsuccessfully appealing the denial of benefits, Plaintiff sued Aetna and Defendants. *Michael Ann Thornsberry v. Aetna, et al.*, No. 1:03cv387. This Court granted Aetna's Motion for Judgment on the Administrative Record and Defendants' Motion for Summary Judgment, and dismissed Plaintiff's ERISA and state law claims. The decision dismissing the claims against Aetna was upheld by the Sixth Circuit.[2]

On March 21, 2005, Plaintiff contacted Defendants and requested that she be reinstated to her previous position. (Doc. 20-3, Archangela DeSilva Aff., Ex 1.) Plaintiff based her request on the report of Dr. Welsh. On April 1, 2005, Defendants responded to Plaintiff's request and explained: "As you know, because you have not performed any work for Duke Energy Gas Transmission since January 14, 2002, your employment has been terminated and you are not eligible for reinstatement to your previous position." (DeSilva Aff., Ex. 2.) Defendants also provided Plaintiff with a list of openings, all of which were located in other areas of the country. (Id.) This is in keeping with Defendants' policy that "if you were released from long term disability after a 24-month period, you would have no re-employment rights. You would need to re-apply for a vacant position by going through the regular company selection process for external hires." (Pruett Aff. Ex. A.)

On June 1, 2006, Plaintiff, through counsel, again wrote a letter requesting that Plaintiff be reinstated to her previous position. (DeSilva Aff., Ex. C.) On July 10, 2006,

---

[2]Plaintiff initially appealed the dismissal of the claims against both Defendants and Aetna, but she later dismissed the appeal against Defendants.

Defendants responded by letter and repeated that Plaintiff was terminated and she was not eligible for reinstatement. (DeSilva Aff., Ex. D)  Defendants again provided Plaintiff with a list of vacancies. (Id.)

On December 13, 2006, Plaintiff appeared at a Comfort Inn where Defendants were testing job applicants for open positions. (Doc. 22, Michael Ann Thornsberry Depo. at 26.) Michael Ann Thornsberry Depo. at 26.)  Plaintiff stated that she wanted her job back and presented a letter from her attorney. (Id. at 27, 29.)  The letter referenced the October 2002 IME which stated that Plaintiff was able to return to work, but also stated "[i]t should be noted that Ms. Thornsberry's physicians have indicated to the contrary." (DeSilva Aff., Ex. E.)  Plaintiff did not apply for a position that day. (Id. at 29)  The next day, Defendants wrote counsel and again stated that Plaintiff was not eligible for reinstatement, but could apply for a vacant position. (DeSilva Aff., Ex. F)

On March 27, 2008, Plaintiff filed her original complaint in state court. Defendants removed, and Plaintiff filed an Amended Complaint, bringing claims for age, sex, and disability discrimination under federal and Ohio law.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986).  The moving party has the

burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his or her pleadings, but must present significant probative evidence in support of his or her complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252.

### B. Exhaustion of Administrative Remedies

Defendant argues that Plaintiff's claims should be dismissed because she did not file a complaint with the EEOC.

Under Title VII, a plaintiff must exhaust all administrative remedies before seeking relief in federal court. *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832 (1976). Likewise, under the Americans with Disabilities Act and Age Discrimination in Employment Act, a plaintiff must exhaust his or her administrative remedies and obtain a right-to-sue letter. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000); Failure to exhaust administrative remedies is an appropriate basis for dismissal of an ADEA action. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753 (1979).

Plaintiff has not alleged in her Amended Complaint that she filed a charge with the EEOC or the OCRC, and did not enter a right-to-sue letter in the record. While the exhaustion requirements are not jurisdictional prerequisites, and are therefore subject to waiver, estoppel, and equitable tolling, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), Plaintiff has not responded to Defendants' argument that Plaintiff's claims

should be dismissed. Therefore, Defendants are entitled to summary judgment on Plaintiff's federal discrimination claims.

C.  **State law discrimination claims**

Under Ohio law, there is no corresponding requirement that an administrative process be followed, such as filing a claim with the Ohio Civil Rights Commission, prior to bringing suit under Ohio Revised Code §§ 4112.02 and 4112.99. *See Smith v. Friendship Village of Dublin*, 751 N.E.2d 1010, 1014 (Ohio 2001).

However, a district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). As the Sixth Circuit has instructed: "In cases that have been removed to federal court, . . . we have recognized that 'when all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed.'" *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007), *quoting Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's discrimination claims under Ohio law.

III.  **CONCLUSION**

Based on the foregoing, Defendants Duke Energy and Spectra Energy Operating Company's Motion for Summary Judgment (Doc. 20) is **GRANTED**. Plaintiff's federal claims are dismissed **WITH PREJUDICE** and Plaintiff's state law claims are hereby **REMANDED** to Court of Common Pleas, Scioto County, Ohio. Accordingly, this matter is

**CLOSED** and **TERMINATED** from this Court's docket.

**IT IS SO ORDERED.**

                                                   */s/ Michael R. Barrett*
                                                   Michael R. Barrett, Judge
                                                   United States District Court